UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LUU DINH LE,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>DANIEL T. SATTERBERG, et al.,<br><br>　　　　　　Defendants. | CASE NO. C23-0473JLR<br><br>ORDER |

Before the court is *pro se* Plaintiff Luu dinh Le's motion for a temporary restraining order. (Mot. (Dkt. # 7).) Defendants Daniel T. Satterberg, Jennifer Atchison, Nancy Lambert, the Honorable Regina Cahan, and the State of Washington (collectively, "Defendants") have not responded to the motion, nor did they file a timely notice indicating that they intend to oppose the motion.[1] (*See generally* Dkt.); Local Rules

---

[1] Although it is unclear whether Mr. Le served a copy of the motion on Defendants (*see* Mot. at 5), Defendants did receive electronic notice of the motion via the CM/ECF filing system. Therefore, the court does not evaluate Mr. Le's motion as an *ex parte* motion. *See* Local Rules

ORDER - 1

W.D. Wash. LCR 65(b)(5). The court has considered the motion, the balance of the record, and the applicable law. Being fully advised, the court DENIES Mr. Le's motion.

Mr. Le asks the court to issue a temporary restraining order ("TRO") that "block[s] the state of Washington from receiving federal funding." (Mot. at 3.) In support of his request, Mr. Le argues that "Washington is not eligible to receive federal funding" under the Spending Clause of the United States Constitution, U.S. Const. art. 1, § 8, because Washington's "policies and procedures are in violation of due process." (*Id.*) He also asks the court to "vacate any state court judgments or orders in the interest of justice until the state is following" the Spending Clause. (*Id.* at 4.) The court, however, will not provide Mr. Le with the requested relief for the reasons stated below.[2]

Like a preliminary injunction, issuance of a TRO is "an extraordinary remedy never awarded as of right." *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015); *see also Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) (stating that injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief"). Under Federal Rule of Civil

---

W.D. Wash. LCR 65(b)(1) ("Motions for temporary restraining orders without notice to and an opportunity to be heard by the adverse party are disfavored and will rarely be granted.").

[2] As a threshold point, the court notes that Mr. Le failed to comply with the procedural prerequisites to the issuance of a TRO. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) ("Although we construe pleadings liberally in their favor, *pro se* litigants are bound by the rules of procedure."); *see also Al-Bustani v. Alger*, No. C22-5238JLR, 2022 WL 17092668, at *1 n.1 (W.D. Wash. Nov. 21, 2022) (admonishing *pro se* litigant that the Local Rules are not optional). Specifically, Local Civil Rule 65(b) requires that the moving party provide the court with "a proposed order specifically setting forth the relief requested and describing in reasonable detail the act or acts to be restrained or required." Local Rules W.D. Wash. LCR 65(b). Mr. Le did not do so. (*See generally* Dkt.)

Procedure 65(b), a party seeking a TRO must make a clear showing: (1) of a likelihood of success on the merits; (2) of a likelihood of suffering irreparable harm in the absence of preliminary relief; (3) that the balance of hardship tips in their favor; and (4) that a temporary restraining order is in the public interest.[3] *Winter*, 555 U.S. at 20 (articulating standard for preliminary injunction); *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (noting that preliminary injunction and temporary restraining order standards are "substantially identical"). Additionally, where, as here, the movant seeks to alter the status quo, injunctive relief is particularly disfavored and the "district court should deny such relief 'unless the facts and law clearly favor the moving party.'" *Garcia*, 786 F.3d at 740 (quoting *Stanley v. Univ. of So. Cal.*, 13 F.3d 1313, 1320 (9th Cir. 1994)); *see also Park Vill. Apartment Tenants Ass'n v. Mortimer Howard Tr.*, 636 F.3d 1150, 1160 (9th Cir. 2011) ("In general, mandatory injunctions are not granted unless extreme or very serious damage will result[,] and are not issued in doubtful cases.").

A review of Mr. Le's complaint and motion shows that he has not met his burden to prove these elements. (*See generally* Compl. (Dkt. # 1-1); Mot.) The court liberally construes Mr. Le's complaint, *McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992), and interprets his complaint as alleging claims for: violations of his due process rights;

---

[3] The Ninth Circuit has set forth a "serious questions" variation of this standard, under which injunctive relief "is proper if there are serious questions going to the merits; there is a likelihood of irreparable injury to the plaintiff; the balance of hardships tips sharply in favor of the plaintiff; and the injunction is in the public interest." *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012).

violations of the Internal Revenue Service ("IRS") Code; "real estate deed fraud"; "conspiracy to commit real estate deed fraud"; violations of 18 U.S.C. §§ 241 and 242; and intentional infliction of emotional distress. (*See generally* Compl. (capitalization omitted).) Mr. Le's claims are both unclear and unsupported by sufficient factual allegations (*see generally id.*), and his motion is devoid of any substantive argument that would indicate he is likely to succeed on his claims against Defendants (*see generally* Mot.). The court is not persuaded that Mr. Le is likely to succeed on the merits of his claims or that there are serious questions going to the merits of his claims.[4] *See, e.g., Silviera*, 2017 WL 1532264, at *2-3 & nn.4-7 (denying TRO motion where plaintiffs failed to allege sufficient facts to support legal conclusions and court determined claims were unlikely to succeed).

Additionally, the court is unable to issue the requested relief. Mr. Le urges the court to block certain federal funding (Mot. at 3), but he does not allege that any of the Defendants are responsible for appropriating federal funds to the State of Washington. For that reason alone, the court declines to grant such relief. *See Bell v. Mejia*, 362 F. App'x 626 (9th Cir. 2010) (stating that it is within a district court's discretion to deny a motion for a temporary restraining order against defendants not named in the complaint).

---

[4] For example, no private right of action exists to enforce the criminal statutes Mr. Le cites, *see Silviera v. Bank of Am., N.A.*, No. CV 17-00185 DKW-KJM, 2017 WL 1532264, at *2-3 & n.5 (D. Haw. Apr. 27, 2017) (reaching the same conclusion regarding the same criminal statutes at issue here), and the court does not have jurisdiction to hear allegations of criminal conduct that are brought by anyone other than the United States, *see United States v. Nixon*, 418 U.S. 683, 693 (1974) (noting that the executive branch has exclusive authority to decide whether to prosecute a case).

ORDER - 4

Moreover, with respect to Mr. Le's request that the court "vacate any state court judgments or orders" until Washington "is following" the Spending Clause (Mot. at 4), the court does not have authority to vacate state court judgments and orders absent explicit authorization in the United States Constitution or a federal statute, *see Doe v. Mann*, 415 F.3d 1038, 1043 & n.7 (9th Cir. 2005) (noting that although Congress may authorize federal district courts to review and invalidate state court judgments, federal statutes granting such authority are "rare but obvious").  Mr. Le does not identify any applicable authorization.  (*See generally* Mot.; Compl.)

Even if the court were able to issue the requested relief and Mr. Le had established a likelihood of success on his claims, the court would still decline to issue a TRO because there is no indication Mr. Le will suffer irreparable harm absent injunctive relief.  *See Winter*, 555 U.S. at 20.  Mr. Le fails to allege any facts regarding the type of imminent, irreparable injury that he is likely to suffer.  (*See generally* Mot.); *see also Caribbean Marine Servs. Co. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988) (stating that a "[s]peculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction," and that "a plaintiff must demonstrate immediate threatened injury as a prerequisite to preliminary injunctive relief").  Moreover, Mr. Le is currently seeking money damages to remedy the injuries claimed in his complaint (Compl. at 10-11); the court is thus doubtful that such injuries cannot be remedied by a later award of money damages.  *See Edge Games, Inc. v. Elec. Arts, Inc.*, 745 F. Supp. 2d 1101, 1117 (N.D. Cal. 2010) ("[I]rreparable harm is established when a plaintiff is unlikely to be made whole by an award of monetary damages or some other legal remedy at a later date,

in the ordinary course of litigation."). Because Mr. Le has not shown he is "'likely to suffer irreparable harm in the absence of preliminary relief,' [the court] need not address the . . . remaining" injunctive relief factors. *Ctr. for Food Safety v. Vilsack*, 636 F.3d 1166, 1174 (9th Cir. 2011) (citation omitted) (quoting *Winter*, 555 U.S. at 20).

In sum, Mr. Le fails to satisfy his high burden to demonstrate that the requested injunctive relief is warranted. *See Winter*, 555 U.S. at 20, 22; *Garcia*, 786 F.3d at 740. Accordingly, the court DENIES Mr. Le's motion for a temporary restraining order (Dkt. # 7).

Dated this 7th day of April, 2023.

JAMES L. ROBART
United States District Judge