UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LUU DINH LE,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>DANIEL T. SATTERBERG, et al.,<br><br>　　　　　　Defendants. | CASE NO. C23-0473JLR<br><br>ORDER |

Before the court is *pro se* Plaintiff Luu dinh Le's motion to strike the notice of appearance submitted by Thuy Nguyen, attorney for Defendants Daniel T. Satterberg, Jennifer Atchison, Nancy Lambert, the Honorable Regina Cahan, and the State of Washington's (collectively, "Defendants"). (Mot. (Dkt. # 6).) Defendants oppose the motion. (Resp. (Dkt. # 9).) The court has considered the parties' submissions, the

//

//

//

ORDER - 1

balance of the record, and the applicable law.[1] Being fully advised, the court DENIES Mr. Le's motion.

In his motion, Mr. Le argues that the court must strike Mr. Nguyen's notice of appearance because: (1) Defendants are part of a corporation, the corporation being King County; (2) Mr. Nguyen is an employed at the King County Prosecutor's Office and is thus an agent of King County; and (3) an agent of a corporation cannot represent that corporation in court because such representation "would be considered pro-se [sic] representation." (*See* Mot. at 1-3.) Defendants argue that King County is a political subdivision, not a corporation, and Mr. Nguyen's appearance on behalf of Defendants is proper because he is admitted to practice law in the state of Washington. (Resp. at 2.)

The court agrees with Defendants. Although corporations cannot represent themselves in court, *see* Local Rules W.D. Wash. LCR 83.2(b)(4), King County is not a corporation, *see, e.g.*, RCW 29A.92.010. Moreover, Mr. Nguyen is admitted to practice law in Washington and complied with the Washington Superior Court Civil Rules when he entered his notice of appearance of Defendants' behalf. (*See* State Court Record (Dkt. # 5-2) at 24-25 (notice of appearance filed in state court prior to removal)); Wash. Super. Ct. Civ. R. 70.1(a) ("An attorney admitted to practice in this state may appear for a party by serving a notice of appearance."). Mr. Le does not provide any non-frivolous reasons

---

[1] Mr. Le's motion is noted for April 21, 2023. (*See* Dkt.) However, the court finds Mr. Le's motion to be frivolous and, thus, exercises its discretion to decide the motion without waiting for his reply brief. *See* Fed. R. Civ. P. 1 (instructing the court "to secure the just, speedy, and inexpensive determination of every action and proceeding").

ORDER - 2

as to why Mr. Nguyen's notice of appearance is improper or why he cannot otherwise represent Defendants in this action. (*See generally* Mot.)

Accordingly, the court DENIES Mr. Le's motion to strike the notice of appearance submitted by Mr. Nguyen (Dkt. # 6).

Dated this 10th day of April, 2023.

JAMES L. ROBART
United States District Judge

ORDER - 3