UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LUU DINH LE, | CASE NO. C23-0473JLR |
| Plaintiff, | ORDER |
| v. | |
| DANIEL T. SATTERBERG, et al., | |
| Defendants. | |

On May 5, 2023, the court ordered the parties to file briefing "regarding (1) whether this case should be dismissed or remanded in light of the improper removal [by *pro se* Plaintiff Luu Dinh Le] and (2) what effect, if any, the King County Superior Court's dismissal order has on this case." (5/5/23 Order (Dkt. # 14) at 2; *see id.* at 1-2 (noting that Mr. Le removed this action from the King County Superior Court on March 28, 2023; Defendants filed a motion to dismiss Mr. Le's complaint in King County Superior Court on April 6, 2023; and the Superior Court granted Defendants' motion to

//

1   dismiss on May 4, 2023).)  The parties timely responded to the court's order.  (*See*

2   *generally* Defs. Resp. (Dkt. # 16); Pl. Resp. (Dkt. # 18).[1])

3        Under 28 U.S.C. § 1441, only defendants may remove an action from state court

4   to district court.  28 U.S.C. § 1441; *see also, e.g.*, *Chicago, R.I. & P.R. Co. v. Stude*, 346

5   U.S. 574, 580 (1954) (noting that the plaintiff cannot remove the matter); *Yakama Indian*

6   *Nation v. State of Wash. Dep't of Revenue*, 176 F.3d 1241, 1248 (9th Cir. 1999) ("The

7   right to remove a case from state to federal court is vested exclusively in 'the defendant

8   or the defendants.'"  (quoting 28 U.S.C. § 1441(a))).  Because Mr. Le is the plaintiff in

9   this action, his purported removal of his case to this court was improper and remand is

10   appropriate.  *See, e.g.*, *Edwards v. Edwards*, No. 2:22-CV-08814-SB-JC, 2023 WL

11   172020, at *1 (C.D. Cal. Jan. 12, 2023) (remanding case because plaintiff could not

12   remove his own action); *see also* Fed. R. Civ. P. 1 (instructing the court "to secure the

13   just, speedy, and inexpensive determination of every action and proceeding").  Mr. Le

14   fails to point the court to any authority to the contrary.  (*See generally* Pl. Resp.)

15        Defendants agree that Mr. Le's removal was improper but ask the court to dismiss

16   this case, rather than remand it to the King County Superior Court, in light of the

17   Superior Court's order dismissing the case.  (Defs. Resp. at 2.)  They argue that

18   "[a]lthough 28 U.S.C. § 1447(c) gives no discretion to dismiss rather than remand an

19   action," the court may dismiss a case "when the eventual outcome of [the] case after

20

21

22

---

[1] Although Mr. Le's pleading is entitled "objection and demand for reconsideration," the court construes the pleading as a response to the court's May 5, 2023 order, as Mr. Le does not seek reconsideration of any order of this court in the pleading.  (*See generally* Pl. Resp.)

remand is so clear as to be foreordained." (*Id.* (quoting *Wash. Election Integrity Coal. United v. Bradrick*, No. C21-1386LK, 2022 WL 4598504, at *5 (W.D. Wash. Sept. 30, 2022)).)  However, there appears to be a split of authority as to whether the state court loses jurisdiction the moment a notice of removal is filed or whether the state court retains jurisdiction if the notice of removal is facially defective.  *Compare Resol. Tr. Corp. v. Bayside Devs.*, 43 F.3d 1230, 1238 (9th Cir. 1994), *as amended* (Jan. 20, 1995) ("[T]he clear language of the general removal statute provides that the state court loses jurisdiction upon the filing of the petition for removal."), *with Booth v. Stenshoel*, No. 41588–3–I, 1999 WL 438888 (Wash. Ct. App. 1999) (unpublished opinion) (concluding that state court did not lose jurisdiction after action was removed because notice of removal was facially defective).  In light of the foregoing, the court cannot conclude that "there is 'absolute certainty' that the state court would dismiss the action following remand."  *Glob. Rescue Jets, LLC v. Kaiser Found. Health Plan, Inc.*, 30 F.4th 905, 920 n.5 (9th Cir. 2022) (noting that the futility exception is a "narrow" exception to the general rule that a court must remand an improperly removed action).  As such, the appropriate course of action is to remand this case and allow the King County Superior Court to determine what effect, if any, its dismissal order has on this case following remand.

The court now turns to address Mr. Le's motion for reconsideration of the King County Superior Court's dismissal order.  (MFR (Dkt. # 17).)  Although the motion is addressed to the King County Superior Court, Mr. Le filed it on this court's docket.  (*See generally id.*)  However, this court has no authority to reconsider the King County

1   Superior Court's order given that this court did not issue the order.  Accordingly, the

2   court DENIES Mr. Le's motion for reconsideration.  Mr. Le should raise any objections

3   regarding the order with the King County Superior Court.

4        For the foregoing reasons, the court DIRECTS the Clerk to REMAND this case to

5   King County Superior Court and to CLOSE this case.  The court further DENIES Mr.

6   Le's motion for reconsideration of the King County Superior Court's dismissal order

7   (Dkt. # 17).  Finally, because Mr. Le cannot add Kenyon Disend, PLLC ("Kenyon

8   Disend") and Hillary Evans Graber to this action by amending his notice of removal,[2] the

9   court DIRECTS the Clerk to STRIKE the notice of appearance submitted by counsel for

10  Kenyon Disend and Ms. Graber (Dkt. # 15) and to TERMINATE Kenyon Disend and

11  Ms. Graber from the docket.

12       Dated this 22nd day of May, 2023.

13

14

15       JAMES L. ROBART
         United States District Judge

16

17

18

19

20  _____
    [2] (*See, e.g.*, 2d Am. NOR (Dkt. # 11) (purporting to add these two parties, among others,
    as defendants in this action)); *Hernandez v. Lord*, No. 3:19-CV-00151-RRB, 2020 WL 6532818,
21  at *2 (D. Alaska Nov. 5, 2020) ("[A] plaintiff cannot simply add on new claims or defendants by
    motion or declaration.  In order to amend a complaint, a plaintiff must submit a new complaint
22  with all the claims the plaintiff seeks to allege."); Local Rules W.D. Wash. LCR 15 (describing
    process for seeking leave to amend complaint).